**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOSEPH CARPINO,

                                    Plaintiff,

        v.

ROBERT HARTMAN, *et al.*,

                                    Defendants.

Case No. 3:25-CV-00251-ART-CLB

**ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION**

[ECF No. 18]

Currently pending before the Court is Plaintiff Joseph Carpino's ("Carpino") motion for clarification. (ECF No. 18.) For the reasons discussed below, Carpino's motion is granted.

I.      **BACKGROUND & PROCEDURAL HISTORY**

Carpino is an inmate in the custody of the Nevada Department of Corrections ("NDOC") housed at Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1.) Carpino initiated this suit by filing a *pro se* civil rights complaint, (*id.*), and an application to proceed *in forma pauperis*, (ECF No. 1). Carpino alleged that in May 2024 Defendants Robert Hartman ("Hartman") and Benu Clark ("Clark") (collectively referred to as "Defendants") moved him and other disabled inmates to a level two unit without due process in violation of the Fourteenth Amendment, which resulted in Carpino being unable to participate in the hobby craft program as part of his PTSD treatment in violation of the Americans with Disabilities Act ("ADA"). (ECF No. 1-1.) The Court screened Carpino's complaint pursuant to 28 U.S.C. § 1915A(a) and the Prison Litigation Reform Act and permitted Carpino's ADA claim to proceed against Defendants. (ECF No. 5 at 4-5.) However, the Court dismissed Carpino's Fourteenth Amendment claim with prejudice because inmates do not have an established liberty interest in their classification level, which means Carpino cannot state a due process claim. (*Id.*)

After the parties failed to settle at mediation, (ECF No. 10Defendantsdered the

Attorney General's Office to file a notice indicating which Defendants they would accept service for and file a response to Carpino's complaint. (ECF No. 11.) The Attorney General's Office subsequently accepted service on behalf of both Defendants, (ECF No. 14), and filed their answer, (ECF No. 16).

The issue, however, is that in between the Court ordering service and the Attorney General's Office accepting service, Carpino filed a First Amended Complaint ("FAC") adding John Henley ("Henley") as a Defendant. (ECF No. 12.) Under Federal Rule of Civil Procedure 15(a)(1), Carpino was permitted to file his FAC as a matter of right because it was within 21 days of the Court's order for service. That said, because Carpino filed his FAC after the Court ordered service it was not screened, and the Attorney General's Office did not accept service for Henley or respond to Carpino's FAC. (*See* ECF Nos. 14, 16.) This disconnect led to Carpino's instant motion for clarification, in which he asks whether Henley has been properly added as a Defendant. (ECF No. 18.) To resolve this, the Court now screens Carpino's FAC.

## II.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act a federal court must dismiss an incarcerated person's claim if "the

2

allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then

3

determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.    SCREENING OF FAC

In his FAC, Carpino does not seek to add any new claims. Rather, he seeks to add Henley as a defendant to his current ADA claim for events that occurred after he filed his initial complaint. (*See* ECF No. 12 at 4.) According to Carpino, in June 2025 he spoke with Henley about not being permitted to participate in the hobby craft program despite it being part of his PTSD treatment. (*Id.*) In response, Henley spoke with the mental health provider who confirmed hobby craft was a form of therapy for Carpino's PTSD. (*Id.*) In light of this, Carpino sent Henley a kite in August asking to be permitted to participate in the hobby craft program again. (*Id.* at 4, 9.) Henley responded that he would "consider" Carpino's request, but per current regulations, hobby craft was a level one privilege. (*Id.*) On September 3, Carpino sent another kite to Henley but never received a response.

For Carpino to state a colorable claim under the ADA, he must allege facts demonstrating he was "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997). Taking Carpino's allegations as true, the Court finds Carpino, who is disabled, states a colorable ADA claim against Henley for preventing him from participating in the hobby craft program. As with Clark and Hartman,

4

however, Carpino may only sue Henley in his official capacity as warden. *See Vinson v. Thomas*, 288 F.3d 1145, 1155-56 (9th Cir. 2002) (holding state officials accused of violating the ADA can only be sued in their official capacity).

**IV.   CONCLUSION**

**IT IS THEREFORE ORDERED** that Carpino's motion for clarification, (ECF No. 18), is **GRANTED**.

**IT IS FURTHER ORDERED** that Carpino's First Amended Complaint, (ECF No. 12), is the operative complaint in this case.

**IT IS FURTHER ORDERED** that **John Henley** is added as a Defendant to this case.

**IT IS FURTHER ORDERED** that on or before **Wednesday, July 8, 2026**, the Attorney General's Office shall file an amended notice advising the Court and Carpino whether they will accept service on behalf of Henley. If the Attorney General's Office does not accept service on behalf of Henley, they shall instead file, under seal, but shall not serve on Carpino, Henley's last known address. If Henley's last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide his last known physical address.

**IT IS FURTHER ORDERED** that if the Attorney General's Office does not accept service on behalf of Henley, Carpino shall file a motion requesting issuance of a summons and to have the U.S. Marshals serve Henley on his behalf.

**IT IS FURTHER ORDERED** that if the Attorney General's Office accepts service on behalf of Henley, they must file an answer or other response to Carpino's First Amended Complaint, (ECF No. 12), on or before **Monday, August 17, 2026**.

**DATED**: _June 17, 2026_____.

_____
**UNITED STATES MAGISTRATE JUDGE**

5